# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

**JARRELL D. CURNE,**
14532 South Alden Street,
Olathe, KS 66062,
913-215-8528
db_fresh@icloud.com

Plaintiff,

v.

THE ORCHARD ENTERPRISES NY, INC., SPOTIFY USA INC., TESLA, INC., TIDAL MUSIC LLC, UNIVERSAL MUSIC GROUP N.V., SONY MUSIC ENTERTAINMENT, APPLE INC., GOOGLE LLC, HOST BABY, CD BABY, WARNER MUSIC GROUP CORP., DISTROKID LLC, TUNECORE, INC., AWAL, SYMPHONIC DISTRIBUTION, INC., AA LIBERTY, NAVAAR, AMAZON.COM SERVICES LLC, DEEZER S.A., SOUNDCLOUD GLOBAL LIMITED, TIKTOK INC., VIMEO, INC., YOUTUBE LLC, AUDIOMACK, INC., SONGTRUST, SOUNDEXCHANGE, INC., ASCAP, ANGHAMI, NAPSTER, PANDORA MEDIA, LLC, IHEARTRADIO, EMPIRE DISTRIBUTION, INC., INGROOVES MUSIC GROUP, ATLANTIC RECORDING CORP., and FISHER ZUCKER LLC, Defendants.

Defendant(s).

Case No.

**26 CV 5451**

(To be assigned by Clerk)

June 20, 2026

**COMPLAINT and**
**NON-JURY TRIAL DEMANDED**

RECEIVED
SDNY PRO SE OFFICE
2026 JUN 25 PM 3:41

## COMPLAINT

Plaintiff, Jarrell Curne, appearing pro se, files this Complaint against Defendant The Orchard Enterprises NY, Inc. ("The Orchard"), Defendant Spotify USA Inc. ("Spotify"),

and the remaining downstream streaming, distribution, and corporate entity defendants, and alleges as follows:

## *PARTIES*

1. **Plaintiff**: Jarrell Curne is an individual, professional recording artist, songwriter, and the Principal owner-operator of Paperkidd Productions & Publishing, LLC, maintaining a physical business office at 14919 Pine View Dr., Grandview, MO 64030. Plaintiff files this suit in his personal capacity as a direct employee, performing artist, and creator. The address has changed to 14532 South Alden Street, Olathe, Kansas 66062 since 2019.

2. **Defendant The Orchard Enterprises NY, Inc.**: A global music distribution company. Attn: President & CEO **contractadmin@theorchard.com** ***Corporate Address*: 23 East 4th Street, 3rd Floor, New York, NY 10003.**

3. **Defendant Spotify USA Inc.**: A digital streaming music provider. *Corporate Address*: 150 Greenwich Street, 62nd Floor, New York, NY 10007.

4. **Co-Defendants (Distribution & Streaming Infrastructure)**: Defendants Tesla (music infrastructure), Tidal, Universal Music Group, Sony, Apple, Google Music, Host Baby, CD Baby, Warner Music Group (as parent/owner of CD Baby), DistroKid, TuneCore, AWAL, Symphonic Distribution, AA Liberty, Navaar, Amazon Music, Deezer, SoundCloud, TikTok, Vimeo, YouTube, Audiomack, Songtrust, SoundExchange, ASCAP, Anghami, Napster, Pandora, iHeartRadio, Empire,

InGrooves Distribution, Atlantic Records, and Fisher Zucker LLC are corporate entities engaged in the distribution, licensing, tracking, and/or public streaming transmission of digital musical sound recordings and administrative catalogs, and companies failing to remove information or recordings.

5. **Defendant Tesla, Inc.** is a Delaware corporation with its principal place of business located at 1 Tesla Road, Austin, TX 78725, and may be served via its registered agent, CSC - Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, TX 78701.

6. **Defendant TIDAL Music AS (d/b/a Tidal / Project Panther Bidco)** is a foreign entity doing business in the United States with a principal office at 799 Broadway, 11th Floor, New York, NY 10003, and may be served via its registered agent, CT Corporation System, 28 Broadway, New York, NY 10004.

7. **Defendant Universal Music Group, Inc.** is a Delaware corporation with its principal place of business located at 2220 Colorado Avenue, Santa Monica, CA 90404, and may be served via its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. [2]

8. **Defendant Sony Music Entertainment** is a Delaware partnership with its principal place of business located at 25 Madison Avenue, New York, NY 10010, and may be served via its registered agent, CT Corporation System, 28 Broadway, New York, NY 10004.

9. **Defendant Apple Inc. (Apple Music)** is a California corporation with its principal place of business located at One Apple Park Way, Cupertino, CA 95014, and may be served via its registered agent, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

10. **Defendant Google LLC (Google Music / YouTube)** is a Delaware limited liability company with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, CA 94043, and may be served via its registered agent, Corporation Service Company (CSC), 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

11. **Defendant CD Baby / HostBaby (Downtown Music Holdings)** is an Oregon corporation with its principal place of business located at 9600 NE Cascades Parkway, Suite 180, Portland, OR 97220, and may be served via its registered agent, National Registered Agents, Inc., 780 Commercial St SE, Suite 100, Salem, OR 97301.

12. **Defendant Warner Music Group Corp. / Atlantic Records** is a Delaware corporation with its principal place of business located at 1633 Broadway, New York, NY 10019, and may be served via its registered agent, Corporation Service Company (CSC), 251 Little Falls Drive, Wilmington, DE 19808.

13. **Defendant DistroKid (DistroKid LLC)** is a Delaware limited liability company with a mailing address at 34 Third Avenue, Suite 183, New York, NY 10003, and

may be served via its registered agent, Cogency Global Inc., 122 East 42nd Street, 18th Floor, New York, NY 10168.

14. **Defendant TuneCore, Inc.** is a U.S. corporate entity with its principal place of business located at 63 Flushing Avenue, Building 131, Brooklyn, NY 11205, and may be served via its registered agent, CT Corporation System, 28 Broadway, New York, NY 10004.

15. **Defendant AWAL** is a music distribution company operating under parent entity Sony Music Entertainment, located at 25 Madison Avenue, New York, NY 10010, and may be served via parent agent, CT Corporation System, 28 Broadway, New York, NY 10004.

16. **Defendant Symphonic Distribution (Symphonic Distribution, Inc.)** is a Florida corporation with its principal place of business located at 707 N. Franklin Street, 4th Floor, Tampa, FL 33602, and may be served via its registered agent, Corporate Creations Network Inc., 801 US Highway 1, North Palm Beach, FL 33408.

17. **Defendant Amazon.com, Inc. (Amazon Music)** is a Delaware corporation with its principal place of business located at 410 Terry Avenue North, Seattle, WA 98109, and may be served via its registered agent, CSC - Lawyers Incorporating Service, 300 Deschutes Way SW, Suite 208, Tumwater, WA 98501.

18. **Defendant Deezer SA** is a foreign corporation headquartered at 24 Rue de Calais, 75009 Paris, France, doing business in the United States, and may be served via its

registered U.S. agent, United Agent Services LLC, 800 North State Street, Suite 404, Dover, DE 19901.

19. **Defendant SoundCloud (SoundCloud Inc.)** is a Delaware corporation with its principal U.S. office at 71 5th Avenue, 5th Floor, New York, NY 10003, and may be served via its registered agent, Capitol Services, Inc., 1675 South State Street, Suite B, Dover, DE 19901.

20. **Defendant TikTok Inc.** is a Delaware corporation with its principal U.S. headquarters located at 5800 Bristol Parkway, Suite 100, Culver City, CA 90230, and may be served via its registered agent, Corporation Service Company (CSC), 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

21. **Defendant Vimeo, Inc.** is a Delaware corporation with its principal place of business located at 555 West 18th Street, New York, NY 10011, and may be served via its registered agent, United Agent Services LLC, 122 East 42nd Street, 18th Floor, New York, NY 10168.

22. **Defendant Audiomack, Inc.** is a Delaware corporation with an office address at 97 1st Avenue, Floor 2, New York, NY 10003, and may be served via its registered agent, Registered Agents Inc., 90 State Street, Suite 700, Office 40, Albany, NY 12207.

23. **Defendant Songtrust (ST Music LLC)** is a Delaware limited liability company with an office address at 485 Broadway, 3rd Floor, New York, NY 10013, and may be

served via its registered agent, Corporate Creations Network Inc., 15 North Mill Street, Nyack, NY 10960.

24. **Defendant SoundExchange, Inc.** is a Delaware non-profit corporation with its principal place of business located at 733 10th Street NW, 10th Floor, Washington, DC 20001, and may be served via its registered agent, CT Corporation System, 1015 15th Street NW, Suite 1000, Washington, DC 20005.

25. **Defendant ASCAP (American Society of Composers, Authors and Publishers)** is an unincorporated voluntary association with its principal place of business at 250 West 57th Street, New York, NY 10107, and may be served via its Legal Department at 250 West 57th Street, New York, NY 10107.

26. **Defendant Anghami Inc.** is a Cayman Islands exempted company registered to do business in Delaware, with a registered address at 4001 Kennett Pike, Suite 302, Wilmington, DE 19807, and may be served via its registered agent, Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, DE 19958.

27. **Defendant Napster (Rhapsody International Inc. / MelodyVR Vanguard Ltd)** is a Delaware corporation with its principal place of business located at 701 5th Avenue, Suite 3100, Seattle, WA 98104, and may be served via its registered agent, Corporation Service Company (CSC), 300 Deschutes Way SW, Suite 208, Tumwater, WA 98501.

28. **Defendant Pandora Media, LLC** is a Delaware limited liability company with its principal place of business located at 2100 Franklin Street, Suite 700, Oakland, CA 94612, and may be served via its registered agent, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

29. **Defendant iHeartMedia, Inc. (iHeartRadio)** is a Delaware corporation with its principal place of business located at 20880 Stone Oak Parkway, San Antonio, TX 78258, and may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201. [5]

30. **Defendant EMPIRE Distribution, Inc.** is a California corporation with its principal place of business located at 655 Montgomery Street, Suite 700, San Francisco, CA 94111, and may be served via its registered agent, Gcorps Inc., 1420 5th Street, Suite 200, Santa Monica, CA 90401.

31. **Defendant Ingrooves Music Group** is a music distribution division of Universal Music Group located at 2220 Colorado Avenue, Santa Monica, CA 90404, and may be served via parent agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

32. **Defendant Fisher Zucker LLC** is a Pennsylvania limited liability company engaged in the practice of law, with its principal place of business located at 21 South 21st Street, Philadelphia, PA 19103, and may be served directly or via Lane Fisher, Esq.,

at 21 South 21st Street, Philadelphia, PA 19103. This company is showing up on my credit report and on google is says they handle licensing and distribution.

## *JURISDICTION AND VENUE*

33. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims arise directly under the United States Copyright Act, 17 U.S.C. § 101 et seq.

34. This Court has supplemental jurisdiction over the state law breach of contract claims pursuant to 28 U.S.C. § 1367.

35. Venue is proper and exclusive in New York, New York County, pursuant to the explicit forum selection clause set forth in Section 10.11 of the governing distribution contract ("Paperkidd Productions & Publishing, LLC Contract 103873 • 103873").

36. **Federal Question Jurisdiction:** This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the primary claims assert severe and ongoing violations of the United States Copyright Act, 17 U.S.C. § 101 et seq.

37. **Supplemental Jurisdiction:** This Court has supplemental jurisdiction over the Plaintiff's related state law claims, including breach of contract, pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy and arise from a common nucleus of operative facts.

38. **Personal Jurisdiction Over All Defendants:** This Court has personal jurisdiction over all named Defendants because each Defendant conducts continuous, systematic, and substantial business within the State of New York and this Judicial District. Defendants market, distribute, stream, monetize, or transmit the infringing materials directly to consumers located in New York, thereby transacting business and causing tortious injury within this jurisdiction under N.Y. C.P.L.R. § 302(a).

39. **Venue via Contractual Forum Selection:** Venue is proper and exclusive in this District pursuant to the explicit forum selection clause set forth in Section 10.11 of the governing distribution agreement ("Paperkidd Productions & Publishing, LLC Contract 103873 • 103873"), which mandates that all legal actions stemming from or relating to the distribution of the subject musical works be brought exclusively in New York. Jarrell Curne manages, and is a artist under the Record Label.

40. **5. Statutory Venue over Third-Party Defendants:** To the extent that certain third-party Defendants are non-signatories to the underlying distribution contract, venue remains independently proper as to those Defendants pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because a substantial part of the events, distribution, and intellectual property infringements giving rise to the claims occurred, and continue to occur, within this Judicial District.

## *EXPLICIT WAIVER OF JURY TRIAL*

41. Pursuant to Section 10.11 of the governing distribution agreement, which dictates that "Each party waives the right to request a trial by jury," Plaintiff brings this matter as a **trial by judge** and respectfully requests a bench trial for final adjudication and permanent injunctive relief.

## *FACTUAL ALLEGATIONS*

## *STATEMENT OF FACTS*

**42. The Distribution Agreement and Algorithmic Mapping Covenants**

43. Plaintiff and his company, Paperkidd Productions & Publishing, LLC, entered into a valid, binding digital music distribution contract with Defendant The Orchard under Contract ID: 103873 • 103873 (the "Distribution Agreement").

44. The Distribution Agreement establishes an initial operational duration of five (5) years, with an explicit automatic rollover provision unless formally terminated in writing. To date, neither party has formally terminated the agreement, and it remains fully active and binding.

45. A core material covenant of the Distribution Agreement requires Defendant The Orchard to accurately upload, list, and map Plaintiff's commercial music metadata—including high-profile featured artists—to digital streaming platforms to trigger automated recommendation algorithms and drive consumer traffic.

46. To maximize his algorithmic reach and stream monetization, Plaintiff invested $8,000 in cash to secure a featured verse from A-list artist "Boosie" and $3,500 in cash to

secure a featured verse from A-list artist "MO3" for his primary music project, an album titled "The Journey of Jarrell Curne."

### *Breach of Contract and Algorithmic Gatekeeping*

47. Defendant The Orchard fundamentally breached its operational covenants by completely failing to properly upload, map, and list "The Journey of Jarrell Curne" and its associated artist titles on digital streaming platforms.

48. Specifically, The Orchard stripped the high-profile metadata mappings for the "Boosie" and "MO3" features, reducing the entries to flat, text-only song titles.

49. This administrative failure stripped Plaintiff of his algorithmic indexing, suppressed his music from automated recommendations, and pushed his catalog deep down into search algorithms alongside unverified creators, effectively acting as an industry gatekeeper to suppress Plaintiff's commercial viability.

50. Defendant The Orchard further breached its financial covenants by withholding an unpaid balance of $729.05 in direct royalties cleanly owed to Plaintiff for his catalog's performance.

### *Copyright Ownership and Spotify Infringement*

51. Plaintiff is the sole owner and controller of valid, active federal copyrights registered with the United States Copyright Office covering a catalog of approximately 100 individual sound recordings and musical compositions.

52. This protected catalog includes high-value sound recordings produced by multi-platinum producer Jahlil Beats, including the prominent copyrighted work titled "Empty Dreams."

53. Over a five-year period, Defendants have grossly underpaid Plaintiff, rendering a mere $10,000 total for the extensive exploitation of these high-value Jahlil Beats-produced master recordings.

54. Defendant The Orchard permitted unauthorized third-party artists to misappropriate, sample, and commercially exploit Plaintiff's underlying musical works without licensing or authorization, and consistently refused to issue takedown notices or protect Plaintiff's works despite receiving formal notices of infringement.

55. Concurrently, Defendant Spotify actively permitted downstream users and fraudulent claimants to exploit Plaintiff's registered catalog.

56. Upon receiving completely fraudulent, malicious third-party takedown filings from entities styling themselves as "Jaywan Inc" and "LeaksByUs," Defendant Spotify failed to verify chain-of-title or ownership and instead completely deleted Plaintiff's valid, Jahlil Beats-produced track from its global streaming platform.

***Mass Downstream Distribution Pipeline***

57. Defendant The Orchard, acting as the centralized distributor, fed Plaintiff's intellectual property catalog directly into a global digital distribution pipeline that

supplies downstream platforms, hardware ecosystems, performing rights societies, and associated legal representatives.

58. The downstream Defendants—specifically Tesla, Tidal, Universal Music Group, Sony, Apple, Google, Host Baby, CD Baby, Warner Music Group, DistroKid, TuneCore, AWAL, Symphonic Distribution, AA Liberty, Navaar, Amazon, Deezer, SoundCloud, TikTok, Vimeo, YouTube, Audiomack, Songtrust, SoundExchange, ASCAP, Anghami, Napster, Pandora, iHeartRadio, Empire, InGrooves, Atlantic, and Fisher Zucker LLC—accepted, hosted, transmitted, streamed, or structurally facilitated the commercial monetization of Plaintiff's works.

59. None of these downstream named co-defendants verified valid mechanical licenses, synchronization licenses, or explicit chain-of-title clearances before exploiting Plaintiff's catalog.

60. CD Baby, AA Library, Navaar, and others failed to remove copyright claims from places such as YouTube and release my rights upon transferring to the Orchard.

61. Sony owns Record Union and did not transfer over my streams, and they also own the Orchard.

62. Universal Music Group has allowed people like Jaywan Inc and others to remove my songs.

63. There are unpaid royalties from SoundExchange, Songtrust, ASCAP, Distrokid, TuneCore, CD Baby, Universal who distributes Ingrooves and Empire.

64. Atlantic has allowed Fetty Wap to use my song called "My Way" from when I was singed to Mazaradi Fox, 50 Cent's childhood friend after I visited Queens New York and recorded and left a Bunch of music on the East Coast.

65. Places like Apple are only promoting artist like "Diddy" who throw wild parties and "Ebro" or others and are cutting out independent artist.

66. Spotify is curating playlist choosing who makes money and run the culture unfairly after switching form CDs these streaming companies have too much power, when I would have made $10 a CD like Tech N9ne who is on Forbes list from being from Kansas City like me they are paying me pennies.

67. They are treating artist as employees but not paying the minimum wages.

68. Google, Youtube, Soundcloud, Audiomack and others are allowing people to steal my content as well and reuse it.

69. Songtrust, Ascap, Soundexchange are not properly collecting my royalties on these tracks.

70. As a direct consequence of this collective distribution pipeline, approximately 100 of Plaintiff's individual song titles are being systematically misused, stripped of royalty monetization, or misattributed across global networks. This coordinated exploitation has completely stalled Plaintiff's professional career and deprived him of the direct financial resources required to support his dependent daughter.

## *STATUTORY AND CASE LAW PRECEDENT*

71. Under the Copyright Act, 17 U.S.C. § 504(c), a copyright owner may elect to recover an award of statutory damages for all infringements involved in the action, up to **$150,000 per work** if the infringement is found to be willful.

72. Massive institutional failure to secure proper mechanical licensing or handle catalog distribution without violating copyright law has a strong historical precedent in this district. In *Wixen Music Publishing, Inc. v. Spotify USA Inc.*, it was established that streaming providers face statutory exposure up to $150,000 per infringed work for streaming thousands of songs without verifying mechanical clearances. Just as in *Wixen*, where a massive $1.6 billion dispute over unverified administrative licenses was ultimately resolved through business partnerships and systemic compensation restructuring, these corporate defendants must be held liable for standard statutory limits for refusing to honor clear chain-of-title documentation.

## CAUSES OF ACTION

## *COUNT I*

### *Breach of Contract*

*(Against Defendant The Orchard)*

73. Plaintiff incorporates paragraphs 1 through 18 of this Complaint by reference as if fully set forth herein.

74. The Distribution Agreement constitutes a valid, binding, and enforceable contract between Plaintiff (alongside Paperkidd Productions & Publishing, LLC) and Defendant The Orchard.

75. Plaintiff performed all obligations required of him under the Distribution Agreement, including providing original musical works, metadata, and financial investments for promotional asset acquisition.

76. Defendant The Orchard materially breached its explicit contractual and operational covenants by:

77. Failing to properly upload, map, and catalog Plaintiff's primary commercial music album, "The Journey of Jarrell Curne";

78. Stripping essential metadata mappings for A-list featured artists "Boosie" and "MO3," thereby removing Plaintiff from critical recommendation algorithms along with other artist names; and

79. Withholding an active accrued royalty balance of $729.05 legally owed to Plaintiff.

80. As a direct and proximate result of Defendant The Orchard's material breaches, Plaintiff has suffered severe financial harm, lost commercial opportunities, and catastrophic suppression of his music within digital marketplace algorithms.

## COUNT II

### Direct and Contributory Copyright Infringement

*(Against All Named Defendants)*

81. Plaintiff incorporates paragraphs 1 through 18 of this Complaint by reference as if fully set forth herein.

82. Plaintiff is the sole, exclusive owner and controller of valid, active federal copyrights registered with the United States Copyright Office covering his musical compositions and sound recordings, including works produced by multi-platinum producer Jahlil Beats.

83. Defendants The Orchard and Spotify had direct knowledge of Plaintiff's exclusive ownership rights, yet willfully permitted, facilitated, and monetized the unauthorized distribution, sampling, and commercial exploitation of Plaintiff's catalog by unverified third parties.

84. Defendant Spotify further committed direct copyright infringement and breached its statutory duties by actively removing Plaintiff's validly registered works (including the track "Empty Dreams") from its platform based entirely on known fraudulent, unverified takedown notices submitted by malicious actors "Jaywan Inc" and "LeaksByUs." The track titles Dance, and Did it for me where illegally removed.

85. Defendant The Orchard contributorily infringed on Plaintiff's copyrights by failing to issue required digital takedown notices or deploy administrative protections to safeguard Plaintiff's catalog from ongoing exploitation despite receiving formal, explicit notifications from Plaintiff.

86. The infringing conduct of these Defendants was willful, deliberate, and carried out with flagrant disregard for Plaintiff's registered intellectual property rights, causing severe financial, professional, and personal damage.

87. Companies like CD Baby and Tune Core have distributed me songs like Empty Dreams, and 3 Zips with more without my permission.

## COUNT III

### Mass Downstream Copyright Infringement

*(Against All Named Co-Defendants)*

88. Plaintiff incorporates paragraphs 1 through 18 of this Complaint by reference as if fully set forth herein.

89. Defendants Tesla, Tidal, Universal Music Group, Sony, Apple, Google, Host Baby, CD Baby, Warner Music Group, DistroKid, TuneCore, AWAL, Symphonic Distribution, AA Liberty, Navaar, Amazon, Deezer, SoundCloud, TikTok, Vimeo, YouTube, Audiomack, Songtrust, SoundExchange, ASCAP, Anghami, Napster, Pandora, iHeartRadio, Empire, InGrooves, and Atlantic, acted as downstream distributors, streaming platforms, performance networks, or associated agents within a unified digital distribution pipeline.

90. These downstream Defendants willfully displayed, transmitted, duplicated, distributed, and commercially exploited approximately 100 of Plaintiff's protected

song titles without obtaining valid mechanical licenses, synchronization clearances, or verifying a legitimate chain-of-title allowing other artist to use my songs.

91. These Defendants stripped royalty tracking codes, misattributed ownership metadata, and diverted monetization away from Plaintiff while actively broadcasting his catalog to global consumer audiences.

92. By failing to implement standard industry verification protocols to clear Plaintiff's works before public distribution, each named downstream Defendant is directly, contributorily, or vicariously liable for massive, ongoing copyright infringement under 17 U.S.C. § 501.

## *PRAYER FOR RELIEF*

***WHEREFORE***, Plaintiff respectfully requests that this Court enter judgment in his favor and against all named Defendants, granting the following relief:

**A.** An order finding Defendant The Orchard in material breach of the governing Distribution Agreement;

**B.** A permanent injunction restraining and enjoining all named Defendants, their officers, agents, and employees from further unauthorized streaming, distribution, transmission, or commercial exploitation of Plaintiff's copyrighted musical works by other artist without permission of Jarrell Curne; Issue a permanent injunction ordering Defendant The Orchard to immediately correct its digital distribution lines, properly upload the album "*The Journey of Jarrell Curne*," and accurately attach the A-list artist feature metadata for

"Boosie" and "MO3" across all algorithmic streaming engines along with all other featured artist names being displayed so the algorithm can properly promote and catch the records;

**C.** An order directing Defendant The Orchard to immediately transfer the withheld royalty balance of $729.05 directly into the Registry of the Court Clerk, with explicit instructions to distribute those funds directly to the United States District Court for the Western District of Missouri to apply toward Plaintiff's Paycheck Protection Program (PPP) loan obligation;

**D.** An award of statutory damages pursuant to 17 U.S.C. § 504(c) for willful copyright infringement, or actual damages and profits attributable to the infringement, according to proof at trial; Award statutory damages of **$150,000 per infringed song title** against Spotify and the distribution defendants for the willful exploitation and unauthorized removal of Plaintiff's 100 protected works, **$15,000,000 each** ($150,000 x 100 songs);

**E.** An award of pre-judgment and post-judgment interest, reasonable attorney's fees, and all associated court costs; and

**F.** Such other, further, and alternative relief as this Court deems just, equitable, and proper.

Dated: June 20, 2026

Respectfully submitted,

Jarrell Curne, Plaintiff- *Pro Se*
14532 South Alden Street
Olathe, Kansas 66062
dB_Fresh@icloud.com
Phone Number (913)-215-8528 |KANSAS|

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**JARRELL D. CURNE,**

Plaintiff,

v.

THE ORCHARD ENTERPRISES NY, INC., SPOTIFY USA INC., TESLA, INC., TIDAL MUSIC LLC, UNIVERSAL MUSIC GROUP N.V., SONY MUSIC ENTERTAINMENT, APPLE INC., GOOGLE LLC, HOST BABY, CD BABY, WARNER MUSIC GROUP CORP., DISTROKID LLC, TUNECORE, INC., AWAL, SYMPHONIC DISTRIBUTION, INC., AA LIBERTY, NAVAAR, AMAZON.COM SERVICES LLC, DEEZER S.A., SOUNDCLOUD GLOBAL LIMITED, TIKTOK INC., VIMEO, INC., YOUTUBE LLC, AUDIOMACK, INC., SONGTRUST, SOUNDEXCHANGE, INC., ASCAP, ANGHAMI, NAPSTER, PANDORA MEDIA, LLC, IHEARTRADIO, EMPIRE DISTRIBUTION, INC., INGROOVES MUSIC GROUP, ATLANTIC RECORDING CORP., and FISHER ZUCKER LLC, Defendants.

Defendant(s).

**Case No.**

(To be assigned by Clerk)

**COMPLAINT and**
**NON-JURY TRIAL DEMANDED**

### NOTICE OF APPEAL if Case Opening is Denied

Notice is hereby given that Plaintiff, **Jarrell D. Curne**, proceeding *pro se*, hereby appeals to the **United States Court of Appeals for the 2nd Circuit** from the final judgment, order of dismissal, or order of denial regarding *In Forma Pauperis* (IFP) status entered in this action on **[Date of the Order/Decision]**________________________________________.

Plaintiff further states and requests the following of the Clerk of the Court

1. **Finality of Order:** If an official case number has not yet been assigned, or if an *In Forma Pauperis* (IFP) application has been denied, Plaintiff emphasizes that such an order of denial operates as a final, appealable order. Plaintiff appeals this denial and any subsequent rejection of the complaint by the presiding judge.

2. **Clerk Directive to Enter ECF and Appeal:** Plaintiff explicitly requests that the Clerk of the Court enter this Notice of Appeal onto the Electronic Case Filing (ECF) system and assign a corresponding ECF number, regardless of whether the underlying case has been formally accepted or rejected by a judge.

3. **Statement on Judicial Impartiality:** Plaintiff objects to any blocking or prevention of filings, noting concerns regarding structural biases, political control within judicial administrative processes, and the suppression of arguments concerning former presidential administrations (including the Obama administration). Plaintiff requests that the appellate court review the procedural integrity of the handling of these files.

Dated: June 20, 2026

Respectfully submitted,

Jarrell Curne, Plaintiff- *Pro Se*
14532 South Alden Street
Olathe, Kansas 66062
dB_Fresh@icloud.com
Phone Number (913)-215-8528 [KANSAS]

# CERTIFICATE OF SERVICE

I hereby certify that on this 20 day of June, 2026, a true and correct copy of the foregoing Complaint and Application to Proceed In Forma Pauperis was served via First-Class U.S. Mail upon the following parties:

**Clerk of Court**
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

***The Named Corporate Entities:***

**The Orchard Enterprises NY, Inc.**
23 East 4th Street, 3rd Floor
New York, NY 1000
Attn: President & CEO contractadmin@theorchard.com

**Spotify USA Inc.**
150 Greenwich Street, 62nd Floor
New York, NY 10007

**Tesla, Inc.**
c/o CSC - Lawyers Incorporating Service
211 E. 7th Street, Suite 620
Austin, TX 78701

**Tidal (TIDAL Music AS / Project Panther Bidco)**
c/o CT Corporation System
28 Broadway
New York, NY 10004

**Universal Music Group, Inc.**
c/o The Corporation Trust Company
Corporation Trust Center, 1209 Orange Street
Wilmington, DE 19801

**Sony Music Entertainment**
c/o CT Corporation System
28 Broadway
New York, NY 10004

**Apple Inc.**
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

**Google LLC (Google Music & YouTube)**
c/o Corporation Service Company (CSC)
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

**CD Baby / HostBaby (Downtown Music Holdings)**
c/o National Registered Agents, Inc.
780 Commercial St SE, Suite 100
Salem, OR 97301

**Warner Music Group / Atlantic Records**
c/o Corporation Service Company (CSC)
251 Little Falls Drive
Wilmington, DE 19808

**DistroKid**
c/o Cogency Global Inc.
122 East 42nd Street, 18th Floor
New York, NY 10168

**TuneCore, Inc.**
c/o CT Corporation System
28 Broadway
New York, NY 10004

**AWAL (Sony Music Entertainment)**
c/o CT Corporation System
28 Broadway
New York, NY 10004

**Symphonic Distribution**
c/o Corporate Creations Network Inc.
801 US Highway 1
North Palm Beach, FL 33408

**Amazon.com, Inc. (Amazon Music)**
c/o CSC - Lawyers Incorporating Service
300 Deschutes Way SW, Suite 208
Tumwater, WA 98501

**Deezer (Deezer SA)**

c/o United Agent Services LLC
800 North State Street, Suite 404
Dover, DE 19901

**SoundCloud**
c/o Capitol Services, Inc.
1675 South State Street, Suite B
Dover, DE 19901

**TikTok Inc.**
c/o Corporation Service Company (CSC)
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

**Vimeo, Inc.**
c/o United Agent Services LLC
122 East 42nd Street, 18th Floor
New York, NY 10168

**Audiomack, Inc.**
c/o Registered Agents Inc.
90 State Street, Suite 700, Office 40
Albany, NY 12207

**Songtrust (ST Music LLC)**
c/o Corporate Creations Network Inc.
15 North Mill Street
Nyack, NY 10960

**SoundExchange, Inc.**
c/o CT Corporation System
1015 15th Street NW, Suite 1000
Washington, DC 20005

**ASCAP**
Legal Department
250 West 57th Street
New York, NY 10107

**Anghami Inc.**
c/o Harvard Business Services, Inc.
16192 Coastal Highway
Lewes, DE 19958

**Napster (MelodyVR Vanguard / Rhapsody International)**
c/o Corporation Service Company (CSC)

300 Deschutes Way SW, Suite 208
Tumwater, WA 98501

**Pandora Media, LLC**
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

**iHeartMedia, Inc. (iHeartRadio)**
c/o CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201

**EMPIRE Distribution, Inc.**
c/o Gcorps Inc.
1420 5th Street, Suite 200
Santa Monica, CA 90401

**Ingrooves Music Group**
c/o The Corporation Trust Company
Corporation Trust Center, 1209 Orange Street
Wilmington, DE 19801

**Fisher Zucker LLC**
Attn: Lane Fisher, Esq.
21 South 21st Street
Philadelphia, PA 19103

Jarrell Curne, Plaintiff- *Pro Se*
14532 South Alden Street
Olathe, Kansas 66062
dB_Fresh@icloud.com
Phone Number (913)-215-8528 [KANSAS]

CERTIF

9589 0710 52

Jarnell D Curne
14532 South Alden Street
Olathe, Kansas
66062

Clerk of Court
United States Dis
for the Southern
500 Pearl
New York, N
10007-13

IED MAIL®

70 2017 5803 74

Retail

UNITED STATES POSTAL SERVICE®

RDC 99

10007

U.S. POSTAGE PAID
FCM LG ENV
OLATHE, KS 66062
JUN 22, 2026

$12.70

S2324E501019-99

Room 200
rict Court
District of New York
Street
)Y
12

RECEIVED
SDNY PRO SE OFFICE
2026 JUN 25 PM 3:40

USM 4P
SDNY