UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JARRELL D. CURNE,<br>Plaintiff,<br>-against-<br>THE ORCHARD ENTERPRISES NY, INC., ET AL.,<br>Defendants. | 26-CV-5451 (LTS)<br>ORDER DIRECTING PAYMENT OF FEE OR AMENDED IFP APPLICATION |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of Olathe, Kansas, brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

"The ability to proceed IFP is a privilege provided for the benefit of indigent persons." *Cuoco v. BOP*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (Pauley, D.J.) (internal quotation marks and citation omitted). Thus, "the court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Id.* (internal quotation marks and citation omitted). The Court must dismiss an action in which a person applies to proceed IFP if their "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). This statutory provision "serves the purpose of preventing abuse of the judicial system by weed[ing] out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth." *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (summary order) (internal quotation marks and citation omitted). The IFP statute, 28 U.S.C. § 1915, "neither requires a litigant to demonstrate absolute destitution, nor requires

dismissal for inaccuracies, misstatements, or minor misrepresentations made in good faith." *Id.* (internal quotation marks and citations omitted). Dismissal under Section 1915(e)(2)(A) is warranted, however, "where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain [IFP] status." *Id.* "[D]eliberate concealment of income in order to gain access to a court without prepayment of . . . fees" is an example of such bad faith. *Id.*

In his IFP application, Plaintiff states that he is unemployed and has no source of income and no money in cash or a bank account. He further states that he has no living expenses, such as expenses for housing or transportation, but that he supports a minor child and has loan payments. Plaintiff does not allege any facts explaining why he has no living expenses or showing how he is able to live and support a child without any source of income. Without additional information about his income and living expenses, the Court is unable to conclude that Plaintiff is unable to afford the filing fees.[1]

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 26-CV-5451 (LTS), and address the deficiencies described above by providing specific facts to establish that he is unable to pay the filing fees. Plaintiff should fully and truthfully answer all of the questions in his amended IFP application. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). The Court warns Plaintiff that

---

[1] Plaintiff has filed the same IFP application in numerous cases he brought in courts throughout the country around the same time he filed this action. The only other court to address Plaintiff's IFP application to date has found similar deficiencies. *See Curne v. Credit One Bank N.A.*, No. 2:26-CV-1889 (D. Nev. June 25, 2026 (denying Plaintiff's IFP application, describing his allegations that he supports a child without any income or monthly expenses as a "logical impossibility," and pointing out that "[h]ouses are generally not free, yet Plaintiff fails to disclose any monthly expense relating to [his] house").

the Court must dismiss this action if it determines that his "allegation of poverty is untrue." § 1915(e)(2)(A).

No summonses shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: July 7, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge