**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JARRELL D. CURNE,<br><br>*Plaintiff*,<br><br>v.<br><br>THE ORCHARD ENTERPRISES NY, INC., SPOTIFY USA INC., TESLA, INC., TIDAL MUSIC LLC, UNIVERSAL MUSIC GROUP N.V., SONY MUSIC ENTERTAINMENT, APPLE INC., GOOGLE LLC, HOST BABY, CD BABY, WARNER MUSIC GROUP CORP., DISTROKID LLC, TUNECORE, INC., AWAL, SYMPHONIC DISTRIBUTION, INC., AA LIBERTY, NAVAAR, AMAZON.COM SERVICES LLC, DEEZER S.A., SOUNDCLOUD GLOBAL LIMITED, TIKTOK INC., VIMEO, INC., YOUTUBE LLC, AUDIOMACK, INC., SONGTRUST, SOUNDEXCHANGE, INC., ASCAP, ANGHAMI, NAPSTER, PANDORA MEDIA, LLC, IHEARTRADIO, EMPIRE DISTRIBUTION, INC., INGROOVES MUSIC GROUP, ATLANTIC RECORDING CORP., AND FISHER ZUCKER LLC,<br><br>*Defendants*. | C.A. No. 1:26-CV-05451-VSB-JW |

**DEFENDANT FISHER ZUCKER LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM FOR RELIEF**

Morgan A. Klein
CARLTON FIELDS, P.A.
730 Third Avenue, 19th Floor
New York, New York 10017
Tel: 212.380.9604
mklein@carltonfields.com

*Attorney for Fisher Zucker LLC*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..... 1
ALLEGATIONS OF THE COMPLAINT ..... 2
LEGAL STANDARD ..... 3
ARGUMENT ..... 4
I. The Complaint fails to allege personal jurisdiction over Fisher Zucker ..... 4
II. The Complaint fails to state any claim against Fisher Zucker. ..... 5
A. The Complaint rests on impermissible group pleadings that fail to satisfy Fed. R. Civ. P. 8 ..... 6
B. All copyright claims against Fisher Zucker should be dismissed for failure to state a plausible claim on its face ..... 7
i. Plaintiff has failed to plead the elements of direct copyright infringement 7
ii. Plaintiff has failed to sufficiently plead contributory copyright infringement ..... 8
iii. Plaintiff has failed to sufficiently plead the elements of vicarious copyright infringement ..... 10
CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................4, 6

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
69 F. Supp. 3d 342 (S.D.N.Y. Nov. 14, 2014).................... *passim*

*Curne v. Winred*,
No. 1:26-CV-1814, 2026 WL 2031941 (E.D. Va. July 8, 2026)....................1

*Jazini v. Nissan Motor Co.*,
148 F.3d 181 (2d Cir. 1998)....................5

*Lepore v. NL Brand Holdings LLC*,
No. 16-cv-08115-GBD, 2017 WL 4712633 (S.D.N.Y. Sept. 28, 2017)....................4, 6

*In re Terrorist Attacks on Sept. 11, 2001*,
714 F.3d 659 (2d Cir. 2013)....................3

*United States Sec. & Exch. Comm'n v. Passos*,
760 F. Supp. 3d 95 (S.D.N.Y. Dec. 21, 2024)....................4

## Other Authorities

Fed. R. Civ. P. 8....................2, 5, 6

Fed. R. Civ. P. 12(b)(2)....................3, 4, 5

Fed. R. Civ. P. 12(b)(6)....................4

Defendant Fisher Zucker, LLC ("Fisher Zucker" or "Defendant") respectfully submits this memorandum of law in support of its motion to dismiss the Complaint under Fed. R. Civ. P. (12)(b)(2) and 12(b)(6).

**INTRODUCTION**

*Pro se* Plaintiff Jarrell D. Curne ("Curne" or "Plaintiff") brings this action against Fisher Zucker and roughly three dozen other companies—streaming services, music distributors, licensors—claiming that they infringed Plaintiff's copyrights and that The Orchard Enterprises NY, Inc. ("The Orchard"), a named defendant, breached a distribution agreement. Defendant Fisher Zucker does not belong on this list. It is a law firm that has never met with Plaintiff, done any business with Plaintiff, nor has any connection to Plaintiff, his music, or any of his alleged copyrights. Fisher Zucker has been named in this lawsuit for reasons neither apparent to Defendant nor explained in the Complaint, an omission characteristic of Plaintiff's conduct.[1] This absence is dispositive and defeats the Complaint against Fisher Zucker on two independent grounds.

First, this Court lacks personal jurisdiction over Fisher Zucker. Fisher Zucker is a Pennsylvania entity with two law offices, one in Philadelphia and the other in New Jersey. The Complaint alleges no New York contact by Fisher Zucker but instead asserts jurisdiction generically against all Defendants stating that "[d]efendants market, distribute, stream, monetize, or transmit infringing materials direct to consumers located in New York," with no supporting factual basis for its claim. Compl. ¶ 38.

---

[1] "Plaintiff is a vexatious litigant who has filed several complaints in various federal district courts. *See, e.g., Curne v. Harley-Davison*, 4:19-cv-27 (W.D. Mo.) (dismissed for failure to state a claim); *Curne v. Capital One Bank (USA) N.A.*, 4:19-cv-2 (W.D. Mo.) (dismissed for failure to state a claim); *Curne v. Safe Auto Ins. Grp., Inc.*, 4:21-cv-126 (W.D. Mo.) (dismissed following a joint stipulation of dismissal); *Curne v. Liberty Mut. Ins. Co., et al.*, 4:21-cv-270 (W.D. Mo.) (dismissed for failure to state a claim); *Curne v. United States, et al.*, 4:21-cv-601 (W.D. Mo.) (dismissed following plaintiff's notice of voluntary dismissal); *Curne v. United States, et al.*, 4:23-cv-564 (W.D. Mo.) (dismissed for lack of subject matter jurisdiction); *Curne v. Small Bus. Admin., et al.*, 1:23-cv-3789 (D.D.C.) (dismissed for failure to state a claim and lack of subject matter jurisdiction)." *Curne v. Winred*, No. 1:26-CV-1814 (LMB/LRV), 2026 WL 2031941 at n.3 (E.D. Va. July 8, 2026).

Secondly, the Complaint does not allege a single act by Fisher Zucker beyond mere conclusory statements; it names Fisher Zucker only in the caption, drops it into two undifferentiated lists of Defendants, and adds one stray sentence that the firm "is showing up on my credit report and on google it [sic] says they handle licensing and distribution." Fed. R. Civ. P. 8 requires a plaintiff to give the defendant fair notice of what the claim is and the grounds upon which it rests. Plaintiff has failed to do so.

No amendment can cure these defects because the necessary factual predicate— some dealing between Fisher Zucker and the Plaintiff — simply does not exist. For these reasons, Fisher Zucker respectfully requests that this Court dismiss Fisher Zucker from this Action.

**ALLEGATIONS OF THE COMPLAINT**

*Pro se* Plaintiff Jarrell D. Curne is a "professional recording artist, songwriter, and Principal owner-operator of Paperkidd Productions & Publishing, LLC" ("Paperkidd")[2]. Compl. ¶ 1. Plaintiff alleges that he owns registered federal copyrights covering approximately 100 sound recordings and musical compositions. *Id.* ¶¶ 51, 82, 90. He brings this action in his personal capacity and alleges that he and Paperkidd entered into a digital music distribution agreement with The Orchard, and that The Orchard breached its contract with Plaintiff. Compl. ¶¶ 1, 43.

The Complaint also alleges various copyright infringement claims against more than 30 Defendants stating that the "corporate entities engaged in the distribution, licensing, tracking, and/or public streaming transmission of digital musical sound recordings and administrative catalogs," and that some companies failed to remove information or recordings. Compl. ¶ 4. Plaintiff further alleges, without specificity, Defendants "accepted, hosted, transmitted, streamed, or structurally facilitated the commercial monetization of Plaintiff's works." Compl. ¶ 58.

2 For purposes of this Motion, Defendant Fisher Zucker accepts the Complaint's allegations as true.

The Complaint names Fisher Zucker as one of these Defendants and identifies it as a Pennsylvania law firm with a principal place of business at 21 South 21st Street, Philadelphia, PA 19103. Compl. ¶ 32. Plaintiff states that the firm appears on his credit report and that a Google search says it handles licensing and distribution. Compl. ¶ 32. Plaintiff fails to state any allegation tying the appearance of Fisher Zucker on his "credit report" to any relevant accusation of copyright infringement.

## LEGAL STANDARD

***Rule 12(b)(2)***

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). To survive a motion to dismiss, a plaintiff must make a prima facie showing that jurisdiction exists; this prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant. *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013). The burden of establishing personal jurisdiction rests on the plaintiff. *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 349 (S.D.N.Y. Nov. 14, 2014).

To establish personal jurisdiction over a defendant, due process requires a plaintiff to allege (1) that a defendant has "certain minimum contacts" with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances. *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d at 673. To determine whether a defendant has the necessary minimum contacts, a distinction is made between "specific" and "general" jurisdiction. *Id.* Specific jurisdiction exists when a forum exercises jurisdiction over a defendant arising out of or related to the defendant's contacts with the state. *Id.* at 673-4. A court's general jurisdiction is based on the defendant's general business contacts with the forum. *Id.* On a motion to dismiss pursuant to Rule 12(b)(2) the non-moving party "bears the burden of demonstrating personal jurisdiction over a person or entity

against whom it seeks to bring suit. *United States Sec. & Exch. Comm'n v. Passos*, 760 F. Supp. 3d 95, 108 (S.D.N.Y. Dec. 21, 2024).

***Rule 12(b)(6)***

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Lepore v. NL Brand Holdings LLC*, No. 16-cv-08115-GBD, 2017 WL 4712633 at *2 (S.D.N.Y. Sept. 28, 2017) citing *Ashcroft v. Iqbal*, 556 U.S, 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Plaintiff must state more than a sheer possibility that a defendant has acted unlawfully. *Id.* at *2. The court will not consider conclusory statements that lack any factual basis. *BWP Media*, 69 F. Supp. 3d at 352. And where "a court is left guessing as to a defendant's liability, a motion to dismiss must be granted." *Lepore*, 2017 WL 4712633 at *4 (citing *Toohey v. Portfolio Recovery Assocs.*, LLC, 15-cv-8098 (GBD), 2016 WL 4473016, at *4 (S.D.N.Y. Aug. 22, 2016) (internal citations omitted)). A complaint is insufficient if, as here, it only "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (citation omitted).

## ARGUMENT

### I. The Complaint fails to allege personal jurisdiction over Fisher Zucker

The Court should dismiss all claims against Fisher Zucker pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Under Rule 12(b)(2), Plaintiff is required to make a prima facie showing that jurisdiction exists with supporting facts. Plaintiff has failed to do so and cannot do so. Fisher Zucker is a Pennsylvania limited liability law firm maintaining offices only in Pennsylvania and New Jersey. Compl. ¶ 32. Indeed, the Complaint itself identifies the firm's

Pennsylvania office as the principal place of business and as the proper address for service. Compl. ¶ 32.

The Complaint does not allege any facts establishing that Fisher Zucker has (1) purposefully availed itself of the privilege of conducting business in New York or that (2) the claims asserted against it arise out of or are related to any New York contacts – because Plaintiff cannot do so. Instead, the Complaint relies on sweeping, undifferentiated assertions that all named Defendants conduct "continuous, systematic, and substantial" business in New York and that Defendants "market, distribute, stream, monetize, or transmit the infringing material directly to consumers in New York," without identifying any facts supporting these assertions or otherwise connecting the claims against Fisher Zucker to its own purposeful New York contacts. Compl. ¶ 38. Instead, Plaintiff relies on the fact that Fisher Zucker is allegedly "showing up on [his] credit report and on google it [sic] says they handle licensing and distribution" as some form of wrong doing by Defendant. Conclusory assertions of this kind – without any supporting facts – are precisely the type of conclusory statements that courts in this Circuit have held insufficient to withstand a Rule 12(b)(2) motion. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184-186 (2d Cir. 1998) (holding that a plaintiff may not rely on conclusory non-fact specific jurisdictional allegations to establish personal jurisdiction.). Absent allegations with supporting facts establishing the requisite connection between Fisher Zucker's own forum contacts and the asserted claims, the Complaint fails to make a prima facie showing of personal jurisdiction over Fisher Zucker in New York. Dismissal is therefore required.

**II. The Complaint fails to state any claim against Fisher Zucker.**

A complaint must give each defendant notice of what it is alleged to have done. Fed. R. Civ. P. 8(a)(2). The complaint here does the opposite as to Fisher Zucker: it names the firm in the

caption and in two undifferentiated lists of Defendants, offers a single stray sentence that the firm appears on a credit report and that a web search associates it with licensing and distribution. The Complaint says nothing about the firm's conduct beyond undifferentiated, general statements of all Defendants' alleged infringement. In short, this pleading fails to specifically allege the elements of a copyright claim (of any type) against Fisher Zucker.

### A. The Complaint rests on impermissible group pleadings that fail to satisfy Fed. R. Civ. P. 8

Plaintiff's claims against Fisher Zucker rest on an impermissible group pleading that fails to satisfy the Fed. R. Civ. P. 8(a)(2) standard. A complaint meets that standard only if it pleads "that each … defendant, through the [defendant's] own individual actions, has violated" the law. *Ashcroft,* 556 U.S. at 676. A complaint does not satisfy that requirement by lumping defendants together without identifying which defendant committed which alleged acts. *Lepore*, 2017 WL 4712633 at *6. ("Group pleading refers to an allegation that simply lumps or groups defendants together without describing which defendant is responsible for what conduct and when each defendant participated in that unspecified conduct.").

Plaintiff alleges no facts specific to Fisher Zucker alone, leaving Fisher Zucker without notice of the claims against it or the grounds upon which they rest. Here, in Paragraph 4, Fisher Zucker appears in a list of Co-Defendants who allegedly are "corporate entities engaged in the distribution, licensing, tracking, and/or public streaming transmission" of sound recordings and "companies failing to remove information or recordings," (Compl. ¶ 4), and in Paragraph 58's list of "downstream Defendants" who allegedly "accepted, hosted, transmitted, streamed, or structurally facilitated" commercial monetization of the Plaintiff's unidentified works. Compl. ¶ 58. Plaintiff supplies no factual support for either statement beyond a collective accusation. The only sentence specific to Fisher Zucker is that it "is showing up on [Plaintiff's] credit report and

on google it [sic] says they handle licensing and distribution," a conclusory, secondhand description that attributes no act to the firm and warrants no presumption of truth. Compl. ¶ 32. Moreover, Defendant's appearance on Plaintiff's credit report has no apparent bearing on whether the firm infringed any copyright at issue. Even accepting the Google description as accurate, the allegation that Fisher Zucker handles licensing and distribution says nothing about whether Fisher Zucker infringed any of Plaintiff's works or assisted any other party in doing so. Plaintiff thus fails to identify any conduct by Fisher Zucker giving rise to liability and therefore fails to satisfy Rule 8.

### B. All copyright claims against Fisher Zucker should be dismissed for failure to state a plausible claim on its face

Count II, asserted against all Defendants (Compl. ¶¶ 81-87), and Count III, asserted against all Co-Defendants (Compl. ¶¶ 88-92), both state claims for direct, contributory, and vicarious copyright infringement. For the following reasons, both Count II and Count III should be dismissed against Fisher Zucker for failure to sufficiently state a claim for which relief can be granted.

#### i. Plaintiff has failed to plead the elements of direct copyright infringement

To withstand a motion to dismiss, "a complaint based on copyright infringement must allege: (1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts the defendant infringed the copyright." *BWP Media*, 69 F. Supp. 3d at 353 (citing *Palatkevich v. Choupak,* Nos. 12 Civ. 1681(CM), 12 Civ. 1682(CM), 2014 WL 1509236, at *6 (S.D.N.Y. Jan. 24, 2014)) (quoting *Carell v. Shubert Org., Inc.,* 104 F.Supp.2d 236, 250 (S.D.N.Y.2000)).

As an initial matter, although Count II is asserted against all named Defendants, its allegations are directed exclusively at The Orchard, Spotify, and "companies like CD Baby and

Tune Core." Compl. ¶¶ 81-87. Plaintiff alleges no specific conduct by Fisher Zucker. Irrespective of this, Plaintiff has failed to state a claim for direct copyright infringement against Fisher Zucker for the following reasons.

First, Plaintiff does not identify the specific original works underlying his claims. Instead, Plaintiff broadly asserts sole ownership and control of federal copyrights covering approximately 100 sound records and musical compositions without identifying any specific work allegedly infringed by Fisher Zucker. Second, although Plaintiff alleges these works are registered with the U.S. Copyright Office, he identifies no specific registrations and offers no support for his ownership claim. Lastly, Plaintiff alleges no specific act of infringement by Fisher Zucker. As stated above, although Count II is asserted against all Defendants, its allegations are directed exclusively at The Orchard, Spotify, and "companies like CD Baby and Tune Core." Compl. ¶¶ 81-87. The Complaint's statement of facts likewise fails to identify any conduct by Fisher Zucker beyond collective conclusory allegations that Defendants "accepted, hosted, transmitted, streamed, or structurally facilitated the commercial monetization of Plaintiff's works." Compl. ¶ 58. These undifferentiated assertions fail to identify what Fisher Zucker allegedly infringed or how, and therefore fail to state a claim for direct copyright infringement. For these reasons, Count II should be dismissed.

**ii. Plaintiff has failed to sufficiently plead contributory copyright infringement**

To establish a claim for contributory copyright infringement, a plaintiff must allege that the defendant "'with knowledge of the infringing activity, induced, caused, or materially contributed to the infringing conduct of another.'" *BWP Media*, 69 F. Supp. 3d at 356 (quoting *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724 (S.D.N.Y. 2012), *aff'd sub nom. Wolk v. Photobucket.com, Inc.*, 569 F. App'x 51 (2d Cir. 2014)). Two types of activities lead to

contributory infringement: (i) personal conduct that encourages or assists the infringement; and (ii) provision of a method that facilitates the infringement. *Id.* Contributory infringement liability is imposed on persons who know or have reason to know of the direct infringement. *Id*. There can also be no contributory infringement, absent actual infringement. *Id.* (citing *Faulkner v. Nat'l Geographic Enters. Inc.,* 409 F.3d 26, 40 (2d Cir. 2005)).

Plaintiff has not sufficiently pled facts to support any claim of contributory copyright infringement against Fisher Zucker. First, there can be no secondary liability without actual direct infringement by another, which Plaintiff has failed to plead for the reasons stated in Section II(B)(i), incorporated herein, and the following. *BWP Media*, 69 F. Supp. 3d at 356. Plaintiff has not (1) identified which works are the subject of the copyright claim; (2) provided proof that Plaintiff owns the alleged copyrights; (3) shown that any alleged copyrights have been registered; or (4) alleged any direct infringement with supporting factual allegations by any named Defendant or third party. Without properly pleading direct copyright infringement, any claim for contributory infringement necessarily fails.

Secondly, the Complaint identifies no third-party infringement that Fisher Zucker (1) knowingly encouraged, induced, or assisted, nor (2) identifies any actions taken or methods provided by Fisher Zucker that facilitated copyright infringement. Count II, while asserted against all named Defendants, only recites bare allegations directed at The Orchard, Spotify, and "companies like CD Baby and Tune Core." Compl. ¶¶ 81-87. Plaintiff alleges no facts supporting any allegation that Fisher Zucker (1) encouraged or assisted or (2) provided a method or facilitated infringement by another. Compl. ¶¶ 81-87. Plaintiff's prior recitation in the Complaint with respect to Fisher Zucker that "[t]his company is showing up on my credit report and on google it [sic] says they handle licensing and distribution" (Compl. ¶ 32), again, provides no basis to assert

contributory copyright infringement. A law firm's general involvement in licensing and distribution is not equivalent to a service tailored to encouraging, assisting, or providing a method for infringement. For these reasons, Plaintiff has failed to sufficiently plead facts to support a cause of action for contributory copyright infringement on behalf of Defendant. For these reasons, Count II should be dismissed.

**iii. Plaintiff has failed to sufficiently plead the elements of vicarious copyright infringement**

A defendant is liable for vicarious copyright infringement where it profits from direct infringement while declining to exercise a right to stop or limit it. *BWP Media*, 69 F. Supp. 3d at 357. More specifically, liability arises when the defendant has both the right and ability to supervise the infringing activity and an obvious and direct financial interest in that activity, even without actual knowledge of the infringement. *Id*. Plaintiff must allege a causal relationship between the infringing activity and any financial benefit the defendant reaps. *Id*. at 358. Like, contributory infringement, vicarious infringement requires actual, direct copyright infringement. *BWP Media*, 69 F. Supp. 3d at 357.

As a threshold matter, for reasons stated in Sections II(B)(i)-(ii) incorporated herein, Plaintiff has failed to sufficiently plead the predicate offense of direct copyright infringement underlying a vicarious copyright infringement claim. Without properly pleading direct copyright infringement, any claim for vicarious infringement necessarily fails.

Second, Plaintiff has not alleged any actual infringement that Fisher Zucker had the ability to supervise, nor has Plaintiff alleged that Fisher Zucker had the ability to stop or limit any infringing activity. The Complaint identifies no relationship, contractual or otherwise, between Fisher Zucker and any party engaged in the alleged direct infringement that would give Fisher Zucker the authority or practical capacity to supervise or curtail the activity. Moreover, Plaintiff

has not identified how or when Fisher Zucker purportedly declined to exercise any right to stop or limit the alleged infringement, because no right has been shown to exist. The Complaint identifies no dealings between Fisher Zucker and Plaintiff, or any other party associated with Fisher Zucker, that could give rise to a claim of vicarious copyright infringement.

Lastly, Plaintiff has likewise failed to allege facts showing that Fisher Zucker had a direct financial interest in, or profited from, any alleged infringement. Plaintiff has failed to allege any causal relationship between the alleged infringement and any financial benefit reaped by or on behalf of Fisher Zucker because none exists.

The allegations supporting Count III amount to nothing more than conclusory statements that Defendants "willfully displayed, transmitted, duplicated, distributed, and commercially exploited approximately 100 of Plaintiff's protected song titles" and "[t]hese Defendants stripped royalty tracking codes, misattributed ownership metadata, and diverted monetization away from Plaintiff." Compl. ¶¶ 90-91. Plaintiff alleges no facts substantiating those assertions. Notably, while Count III is asserted against all named Co-Defendants, it omits Fisher Zucker from its enumerated downstream defendant list in paragraph 89, further underscoring the absence of any factual basis for this claim against Fisher Zucker. Compl. ¶ 89.

For these reasons, Plaintiff has failed to sufficiently plead facts to support a cause of action for vicarious copyright infringement on behalf of Defendant. Count III should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Fisher Zucker respectfully requests that the Court dismiss all claims against it with prejudice.

Dated: November 20, 2026
New York, New York

Respectfully submitted,

**CARLTON FIELDS, P.A.**

By: /s/ *Morgan A. Klein*
Morgan A. Klein
CARLTON FIELDS, P.A.
730 Third Avenue, 19th Floor
New York, New York 10017
Telephone: 212.380.9604
mklein@carltonfields.com

*Attorney for Fisher Zucker LLC*